FILED

NOT FOR PUBLICATION

JAN 07 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD G. RINER, | No. 07-16664 |
| Petitioner - Appellant, | D.C. No. CV-99-00258-ECR/RAM |
| v. | |
| FRANKIE SUE DEL PAPA; et al., | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, District Judge, Presiding

Argued and Submitted December 2, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Defendant Ronald Riner appeals the district court's denial of his motion for

reconsideration, wherein he alleged the district court erred by finding his habeas

claims unexhausted in the state court. This court granted a certificate of

appealability as to the following issue: "whether the district court erred in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

dismissing as unexhausted Riner's claim that counsel was ineffective in failing to investigate the effects of Elavil and allowing him to plead guilty under the influence of that drug; and if so, whether Riner received ineffective assistance for the above reasons." We note that an earlier Ninth Circuit panel remanded this case back to the district court "for reconsideration in light of the Supreme Court's [] decision in *Rhines v. Weber*." On remand, instead of arguing this issue, Riner filed a motion for reconsideration arguing that the district court erred in the first instance by ruling his state claims unexhausted; the district court denied that motion. Even if we were to assume that this case is properly before this panel now and even were we to assume that the district court erred in ruling Riner's claims unexhausted, we nevertheless conclude that Riner did not receive ineffective assistance of counsel.

Riner's appeal is governed by 28 U.S.C. § 2254. Under that statute, federal courts will deny a defendant's habeas petition, unless "the state court applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases," *Williams v. Taylor*, 529 U.S. 362, 405 (2000), or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from [that Court's] precedent," *id.* at 406. Moreover, for the writ to be issued, the state

court's application of clearly established law must be objectively unreasonable. *Id.* at 409–10.

Additionally, Riner's ineffective assistance of counsel claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under the *Strickland* test, Riner must prove that: (1) "that counsel's representation fell below an objective standard of reasonableness," *id.* at 688; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Moreover, when a defendant pleads ineffective assistance of counsel in relation to a plea of guilty, as Riner has done, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As to the first prong of the *Strickland* test, Riner has asserted that his attorney was ineffective, because he failed to investigate the effects of Elavil on Riner's capacity to enter a guilty plea and failed to order a competency test to prove the matter. We disagree.

We cannot say that the Nevada state courts' adjudication of Riner's claim was "objectively unreasonable" or contrary to clearly established Supreme Court precedent. Riner has offered only unverified allegations in his complaint that: (1)

he was under the influence of Elavil at the time of his plea; or (2) that his counsel was aware of any possible Elavil use at the time. Riner points to no evidence to prove either of these allegations. Because we afford counsel a strong presumption of competence under *Strickland*, we cannot hold that Riner's counsel was ineffective.[1]

**AFFIRMED.**

---

[1]Moreover, even assuming that every factual allegation that Riner has made is true, Riner has not alleged in his complaint or any other document that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59. Thus, Riner has failed to even properly allege a federal "ineffective assistance of counsel" claim.